IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael A. Dukes, | ) | C/A No. 0:11-819-JFA-PJG |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| A.J. Padula, *Warden*, | ) | |
| Respondent. | ) | |

Michael A. Dukes ("Dukes"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 12.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 14.) Dukes filed a response in opposition. (ECF No. 18.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted.

## BACKGROUND

Dukes was indicted in Horry County in November 2003 for trafficking in crack cocaine, 10-28 grams (03-GS-26-3445). (App. at 235, ECF No. 13-2 at 105.) Dukes was represented by Paul Archer, Esquire, and on August 8-9, 2005, was tried by a jury and found guilty as charged. (App. at 122, ECF No. 13-1 at 124.) The circuit court sentenced Dukes to eighteen years' imprisonment for trafficking in crack cocaine, third offense. (App. at 124, 128, ECF No. 13-1 at 126, 130.)

Dukes filed a direct appeal and was represented by Aileen P. Clare, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who filed an Anders[1] brief on his behalf raising the following issue:

> Did the lower court err by denying appellant's motion for a directed verdict of not guilty of trafficking crack cocaine, when the state failed to prove actual or constructive possession?

(App at 242, ECF No. 13-2 at 112.) Dukes filed a *pro se* response to the Anders brief. (ECF No. 13-4.) On October 8, 2007, the South Carolina Court of Appeals affirmed the decision of the lower court. (State v. Dukes, 2007-UP-423 (S.C. Ct. App. Oct. 8, 2007), ECF No. 13-5.) Dukes filed a petition for rehearing, which was denied. (ECF No. 13-6 & 13-7.) The remittitur was issued on December 21, 2007. (ECF No. 13-8.)

Following the dismissal of his appeal, on January 18, 2008 Dukes filed a *pro se* application for post-conviction relief ("PCR"). (See Dukes v. State of South Carolina, 08-CP-26-489; App. at 131-52, ECF No. 13-2 at 1-22.) Dukes later filed an amendment to his application. (App. at 159-70, ECF No. 13-2 at 29-40.) On November 17, 2008, the PCR court held an evidentiary hearing at which Dukes appeared and testified and was represented by Brana J. Williams, Esquire. (App. at 171-222, ECF No. 13-2 at 41-92.) At the hearing, the PCR court considered the following issues: (1) counsel was ineffective for failing to make a motion to suppress the drugs; (2) counsel was ineffective for failing to challenge the arrest warrant; and (3) counsel was ineffective for allowing, without objection, the jury to be selected in his absence. (Order, App. at 228, ECF No 13-2 at 98.)

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



By order dated December 9, 2008, the PCR judge denied and dismissed with prejudice Dukes's PCR application. (App. at 226-33, ECF No. 13-2 at 96-103.)

Dukes timely appealed and was represented by M. Celia Robinson, Esquire, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a petition for writ of certiorari that presented the following issue:

> Did the PCR judge err in denying relief despite trial counsel's failure to request the trial judge to delay jury selection pending petitioner's presence?

(ECF No. 13-9 at 3.) The South Carolina Supreme Court denied Dukes's petition by letter order filed January 7, 2011. (ECF No. 13-12.) The remittitur was issued on January 25, 2011. (ECF No. 13-13.)

## FEDERAL HABEAS ISSUES

In Dukes's federal petition for a writ of habeas corpus, he raises the following issues:

> **Ground One:** The trial court lacked jurisdictional authority to try, convict, or sentence Petitioner using an unsigned arrest warrant.
> > **Supporting facts:** The record will establish that the State's failure to present evidence that a judicial officer made a probable cause finding for legal authorization to arrest Petitioner. The instrument used was unsigned, rendering the warrant invalid. Whereas the paper lacked enforcement authority, no jurisdictional authority was conferred upon the court. Therefore, Petitioner's conviction and sentence is illegal and constitutionally unsound.
>
> **Ground Two:** Trial counsel violated Petitioner[']s U.S.C.A. 6th Amend. right to the effective assistance of counsel.
> > **Supporting facts:** Trial counsel failed to properly and timely challenge on the record the unsigned and invalid arrest warrant. This error prejudiced Petitioner by the fact that the procedural bar arising from the failure. Because trial counsel failed to properly and timely raise this reversible error appeal issue it was not preserved for an appeal hearing. This failure wrongly, and unconstitutionally, deprived Petitioner of his right to appeal a meritorious claim of reversible error.

**Ground Three:** Trial counsel violated Petitioner[']s U.S.C.A. 6th Amend. right to effective assistance of counsel.
**Supporting facts:** Trial counsel failed to properly and timely move the court to quash the fatally defective indictment erroneously used to order Petitioner to appear before a court of law to answer for a charge where no valid arrest of petitioner was ever made. This failure prejudiced Petitioner by the procedural bar incurred from counsel's failure; Petitioner was deprived of the right to raise this reversible error claim because of the failure.

(Pet., ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover,

*PJG*

state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review.  Id. at 785.  Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.  See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court).  If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief.  Id.  Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  Id. at 786.  "If this standard is difficult to meet, that is because it was meant to be."  Id.  Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies.  28 U.S.C. § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  Matthews v. Evatt, 105 F.3d 907, 911



(4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). In order to exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks & citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Respondent's Motion for Summary Judgment**

The respondent argues that all of Duke's claims are procedurally barred as these issues were not presented to the South Carolina appellate courts in either Duke's direct appeal or his PCR appeal. In Ground One, Dukes raises a freestanding claim challenging the trial court's jurisdiction to try, convict, or sentence based on an unsigned arrest warrant. However, this freestanding issue was not raised to the trial court; the PCR court; or the appellate courts in his direct appeal, in either appellate

counsel's Anders brief or Dukes's response to the Anders brief, or his PCR appeal.[2]  In Grounds Two and Three, Dukes argues that trial counsel was ineffective in failing to properly and timely challenge on the record the validity of the arrest warrant and in failing to properly and timely move to quash the indictment.  While the parties agree that Ground Two was raised and ruled on by the PCR court, neither of these issues were presented to the PCR appellate court.  Accordingly, Dukes has not fairly presented any of his grounds to the South Carolina appellate courts and they are barred from federal habeas review.  See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").  Moreover, these claims would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Dukes attempted to raise them now.  See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

Therefore, these issues are procedurally barred unless Dukes can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that

---

[2] The court observes that Dukes argued in his response to the Anders brief that the trial court lacked jurisdiction based on the fact that he was not served with the indictment.  However, a challenge to the jurisdiction based on a defective arrest warrant was not raised.  Further, even if Ground One were not procedurally barred, whether the state court lacked subject matter jurisdiction is a question of state law, which is not cognizable in this federal habeas action.  See Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (concluding that because a petitioner's allegations that circuit court lacked jurisdiction over certain counts of an indictment rested solely upon the interpretation of state laws, it was not cognizable on federal habeas review absent a showing of a "complete miscarriage of justice"); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions.").



failure to consider the claim[ ] will result in a fundamental miscarriage of justice," which he has not alleged.  <u>Coleman</u>, 501 U.S. at 750; <u>see also</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").  Accordingly, the court cannot excuse Dukes's procedural default and concludes that all of Dukes's grounds are procedurally barred.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 12) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 31, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).