IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael A. Dukes, | ) | C.A. No.: 0:11-819-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| A.J. Padula, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court upon Petitioner Michael A. Dukes' ("Dukes")

objections to a United States Magistrate Judge's Report and Recommendation ("R&R"),

which recommends that this court grant Respondent's motion for summary judgment.

For the reasons set forth below, the court adopts the Magistrate's report, overrules the

Petitioner's objections, and grants the Respondent's motion for summary judgment.

BACKGROUND

Petitioner is an inmate currently housed at the Lee Correctional Institution in

Bishopville, S.C. Petitioner was tried by a jury in the circuit court in Horry County,

found guilty of trafficking cocaine in August 2005, and sentenced to eighteen years

imprisonment. Dukes filed a direct appeal, and raised the following issue: "Did the

lower court err by denying appellant's motion for a directed verdict of not guilty of

trafficking crack cocaine, when the state failed to prove actual or constructive

possession?" (App. at 242, ECF No. 13-2.) The South Carolina Court of Appeals

affirmed the judgment of the lower court. (*State v. Dukes*, 2007-UP-423 (S.C. Ct. App.

Oct. 8, 2007), ECF No. 13-5). Dukes next filed a pro se application for Post-Conviction

1

Relief (PCR).  At the hearing, the PCR Court considered the following issues:  "(1) counsel was ineffective for failing to make a motion to suppress the drugs; (2) counsel was ineffective for failing to challenge the arrest warrant; and (3) counsel was ineffective for allowing, without objection, the jury to be selected in [Petitioner's] absence."  (App. at 228, ECF No. 13-2.)  The PCR judge denied and dismissed with prejudice Dukes's PCR application. (App. at 226-33, ECF No. 13-2.)  Petitioner, represented by M. Celia Robins ("PCR counsel") filed a petition for writ of certiorari seeking review of the following issue:  "Did the PCR judge err in denying relief despite trial counsel's failure to request the trial judge to delay jury selection pending petitioner's presence?"  (ECF No. 13-9.)  By order filed January 7, 2011, the South Carolina Supreme Court denied Dukes' petition.  (ECF No. 13-12.)

Dukes filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, Dukes raises three issues for the court to address:  (1) that the trial court lacked jurisdiction to try—and ultimately convict—Petitioner, due to an unsigned arrest warrant, (2) trial counsel violated Petitioner's Sixth Amendment right to effective assistance of counsel for failing to challenge the unsigned arrest warrant, and (3) trial counsel rendered ineffective assistance for failing to quash the allegedly defective indictment.  (Pet., ECF No. 1.)

The respondent has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (ECF No. 12).  The court advised the petitioner in a *Roseboro* order of the importance of his adequate response to the motion for summary judgment and Petitioner responded with a memorandum in opposition.  *Roseboro v.*

*Garrison*, 528 F.2d 309 (4th Cir. 1975).  The Magistrate Judge assigned to this action has prepared a Report and Recommendation and suggests that the lawsuit should be dismissed because the Petitioner's claims are procedurally barred.

Having reviewed the entire record, this court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's R&R within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*  The court remains mindful that the petitioner appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). When evaluating a motion under Rule 56, the court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party," *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted), and summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

The Magistrate Judge recommends that this court grant the Respondent's summary judgment motion because the issues that Petitioner raises are procedurally barred. The Magistrate notes that a federal court may grant habeas relief to a petitioner only after the petitioner has exhausted his state court remedies. 28 U.S.C. § 2254 (b)(1)(A). "To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). "The

exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Id.*   As a result, a federal court should not review a claim that is procedurally barred under independent and adequate state procedural rules. *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008). In this case, upon consideration of the Respondent's motion for summary judgment, the Magistrate concluded that Petitioner's claims were procedurally barred.  The Magistrate noted that the first issue that Petitioner raises—Ground One regarding the jurisdiction of the trial court—presents a novel issue that was not raised in the prior state court proceedings.  In Grounds Two and Three, Dukes asserts that counsel was ineffective for failing to challenge the validity of the arrest warrant and for failing to move to quash the indictment in a timely and proper manner.  While these issues were raised and ruled on in the PCR court, the issues were not presented in the appeal from that decision.  If petitioner now attempted to raise any of these claims in the South Carolina appellate courts, those courts would find the claims to be procedurally barred.  As a result, the Magistrate concludes that the federal court is barred from reviewing the claims because they were not presented to the South Carolina appellate courts for review.  Accordingly, the Magistrate recommended that the court grant Respondent's motion for summary judgment.

Finally, the Magistrate noted that the claims were procedurally barred unless Dukes demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that failure to consider the claims will result in a

fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Magistrate further noted that the Petitioner made no such allegations.

The Petitioner sought and was granted an extension and has now filed his objections. In Petitioner's objections, he attempts to recast his argument to meet the standard noted above in an attempt to excuse the default. In his objections, however, Dukes merely articulates the standards noted by the Magistrate and reasserts the same grounds for relief, and he fails to demonstrate any adequate grounds to excuse the default.

The first ground for excusing a procedural default requires that a petitioner demonstrate cause and actual prejudice. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For example, "Cause excuses the failure to raise a claim during a state proceeding if 'the factual or legal basis for [the] claim was not reasonably available.'" *Fisher v. Angelone*, 163 F.3d 835, 845 (4th Cir. 1998) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). On the other hand, "The mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486. Additionally, "[a]n attorney's ineffectiveness may constitute cause for excusing a procedural default when a petitioner has a constitutional right to effective assistance of counsel and when that assistance is 'constitutionally ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984).'" *Smith v. Dixon*, 14 F.3d 956, 973 (4th Cir. 1994) (en banc) (*quoting* Coleman, 501 U.S. at 752)

6

(internal quotation marks omitted).    Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).

In this case, Grounds Two and Three regarding ineffective assistance of counsel were procedurally defaulted when Petitioner did not include them in his appeal from the PCR court.[1]    In his objections, Petitioner argues that despite his assertions, his PCR counsel nonetheless failed to raise the ineffective assistance of counsel argument for failure to challenge the unsigned warrant. Thus, Petitioner does not allege that an objective external factor prevented his PCR counsel from raising the issue.    Rather, Petitioner essentially contends that his PCR counsel was ineffective in not allowing Petitioner to present the issue on the PRC appeal.    Because Petitioner did not have a constitutional right to counsel in those proceedings, any allegations of ineffective assistance of counsel do not excuse the procedural default.  *See Coleman*, 501 U.S. at 752 (citations omitted) ("There is no constitutional right to an attorney in state post-conviction proceedings.").    As a result, the court finds that the Petitioner has not demonstrated cause and actual prejudice sufficient to overcome his default.

The court may also excuse default where there has been a fundamental miscarriage of justice.  "In order to demonstrate a miscarriage of justice to excuse the application of the procedural bar, [a petitioner] must show actual innocence."  *Smith v. Dixon*, 14 F.3d

---

[1] Ground One, a jurisdictional challenge based on a defective arrest warrant, was procedurally defaulted when it was not raised on direct appeal.  In his response to the *Anders* brief, Petitioner challenged the jurisdiction based on the fact that he was not served with the indictment, but not on the grounds that the arrest warrant was defective. Accordingly, neither the *Anders* brief nor Petitioner in his response to the *Anders* brief raised the issue in Ground One.  In his objections, Petitioner does not allege that his appellate counsel on that appeal, Aileen P. Clare, was ineffective nor does Petitioner advance any other grounds to excuse the default.  Moreover, such a challenge to the jurisdiction of the state court is a question of state law, which is not cognizable in this federal habeas action.  *See Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998).

956, 974 (4th Cir. 1994) (en banc).  Here again, Petitioner merely recites his arguments regarding the allegedly unsigned warrant makes no such allegations of actual innocence. Petitioner fails to demonstrate a fundamental miscarriage of justice sufficient to excuse the application of the procedural bar.

Accordingly, Petitioner's objections to the R&R are hereby overruled.

## CONCLUSION

After carefully reviewing the applicable law, the record in this case, and the R&R, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this R&R by specific reference.

The court finds that the Petitioner's claims are procedurally defaulted and that the Petitioner cannot establish cause and prejudice or demonstrate a miscarriage of justice sufficient to overcome his default. The Respondent's motion for summary judgment is granted and the Petition for Writ of Habeas Corpus is denied.

IT IS SO ORDERED.

January 4, 2012                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge

8